## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**CHRISTINE SCOTT**                                                                                              **PLAINTIFF**

**v.**                                            **4:09CV00893-BRW**

**SALINE COUNTY MEDICAL CENTER**                                                             **DEFENDANT**

### ORDER

Pending is Plaintiff's Motion to Compel (Doc. No. 14). Defendant has responded,[1] and a telephone hearing was held March 25, 2011. The Motion is GRANTED in part, as set out below.

Based on counsel's statement at the hearing, the motion is MOOT with regard to the number of employees asked to resign (Interrogatory Nos. 4 and 5).

Interrogatory No. 6 requests information regarding "any African-American employee of the defendant, who has, within the past seven (7) years, held the position of supervisor or higher."[2] Plaintiff's Motion as to Interrogatory No. 6 is GRANTED in part, and Defendant is directed to answer Interrogatory No. 6 for the past 5 years only.

Interrogatory No. 15 requests information on "any nurse, who has, within the past seven (7) years, been accused of being late in providing a patient with their medication."[3] Interrogatory No. 16 asks for information regarding "any nurse, who within the past five years was accused of over-medicating a patient, or providing a patient with the wrong medication."[4] Interrogatory No. 17 seeks information on any nurse who has been "counseled" or "disciplined"

---

[1] Doc. No. 16.

[2] Doc. No. 14-1.

[3] *Id.*

[4] *Id.*

1

for patient complaints within the past 7 years.  Regarding Interrogatory Nos. 15, 16, and 17, Defendant objects on several grounds, including that the information is privileged under the Arkansas peer review and quality assurance statutes.[5]  The information sought is relevant, and as I indicated at the hearing, the only reason I would deny the Motion as to these interrogatories would be that the information is privileged.

Federal Rule of Evidence 501 governs questions of privilege in this court, and provides that

> the privilege of a . . . person . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience.  However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege . . . shall be determined in accordance with State law.[6]

In federal question cases such as this, many courts have declined to adopt a privilege arising under state statute.[7]  The Eighth Circuit cases cited by Defendant are easily distinguishable.  In *Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*,[8] the Eighth Circuit Court of Appeals found a privilege under federal regulations not applicable here.  And in *Hendrickson v. Leipzig*,[9] the court applied privileges arising under Arkansas statutes in a medical malpractice case—not a case arising under federal civil rights law.  Here, after weighing the competing

---

[5] Ark. Code Ann. §§ 20-9-503, 16-46-105.

[6] Fed. R. Evid. 501.

[7] *E.g.*, *Adkins v. Christie*, 488 F.3d 1324 (11th Cir. 2007) (declining to recognize a medical peer review privilege in federal civil rights case); *Jenkins v. DaKalb County, Georgia*, 242 F.R.D. 652 (N.D. Ga. 2007) (declining to apply the Georgia medical peer review statute or find that a federal common law privilege applied in federal civil rights action); *Patt v. Family Health Systems, Inc.*, 189 F.R.D. 518 (E.D. Wis. 1999) (in a Title VII action, declining to adopt Wisconsin peer review statute into federal common law).

[8] 444 F.3d 991 (8th Cir. 2006).

[9] 715 F. Supp. 1443 (E.D. Ark. 1989).

interests, I find that the interest in "furthering the discovery of probative and relevant evidence to root out invidious discrimination"[10] should prevail.

The Motion is GRANTED in part as to Interrogatory Nos. 15, 16, and 17, and Defendant is directed to answer those interrogatories with the following limitations. Defendant is required provide information dating back only 5 years, and patient information and confidential employee information (Social Security numbers, etc.) should be redacted.

Finally, Plaintiff requested that Defendant produce the personnel files of Ashley Cloud, Brook Ann Young, and John Garrett, who are employees that Plaintiff has identified as having received preferential treatment on account of their race. As stated at the hearing, the parties will have until Wednesday, March 30, 2011, to submit an agreed protective order regarding these personnel files. If an agreement cannot be reached, the parties are directed to submit separate proposed orders for my review by 5:00 p.m., March 30, 2011.

IT IS SO ORDERED this 28th day of March, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[10]*Adkins*, 488 F.3d at 1330.