**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CHRISTINE SCOTT**                                                              **PLAINTIFF**

**VS.**                                    **4:09CV00893-BRW**

**SALINE COUNTY MEDICAL CENTER**                                    **DEFENDANT**

**PROTECTIVE ORDER PURSUANT TO STIPULATION AND AGREEMENT**

On this, the 6th day of April, 2011, the Court reviewed the stipulation and agreement for a

Protective Order, and makes the following Orders:

1.      Confidential Information, as later defined herein, and obtained by either party in

this action, shall be used only for the purpose of this litigation and for no other purpose

whatsoever, and shall not be given, shown, made available or communicated in any way to

anyone except Qualified Persons, as herein defined.

2.      Confidential Information shall be deemed to include, without limitation:

        (a)      Documents containing confidential personal information, such as social

security numbers, contact information, medical information, "protected health

information" under HIPAA, dates of birth, salary, policies of the Defendant, documents

relating to the operation and organization of the Defendant and information and other

matters now requested or hereinafter requested by either party and such other information

as may be deemed by this Court to be relevant or material herein.

        (b)      Any information concerning such as set forth in 2(a) herein above as may

be, from time to time, produced by either party herein and declared by that party at the

time of production to be "Confidential Information" and subject to this Order, such

designation to be in writing and may be by letter of transmittal to the opposing party.  If

1

either party disputes that the designated information is confidential, the producing party shall file a Rule 26(c) motion, pursuant to the Federal Rules of Civil Procedure, demonstrating good cause as to why the information should be designated as confidential.  (*See Miles v. Boeing Co.*, 154 F.R.D. 112, 114 (E.D. Pa., 1994)(*citing Zenith Radio Corp. v. Matsushita Elec. Indus., Co.*, 529 F. Supp. 866 (E.D. Pa. 1981)).

       (c)      Any documents Plaintiff obtained from Defendant during the course of her employment except those documents related solely to her such as performance evaluations, performance improvement plans, her job applications.

3.      Except with the prior written consent of the party producing the Confidential Information, or pursuant to further Order of this Court on motion with notice to the other party, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include the Defendant, the Plaintiff, any future counsel of record for either Party in this action, and secretaries, para-professional assistants, experts and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action, court personnel, witnesses at trial or deposition, and the jury.  Witnesses to whom counsel provides confidential information shall, prior to receipt, read a copy of this Order and execute an undertaking in the form attached as Exhibit 1, affirming that the recipient (a) has read this Protective Order and understands its terms, (b) agrees to abide by and to be bound by the terms of same; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Protective Order.  Counsel shall retain such Undertaking until such time as this litigation, including all appeals, is concluded and counsel has retrieved all Confidential Information from the recipient in compliance with this Protective Order.

2

4.     With the exception of documents described in Paragraph 3(c), above, Documents containing confidential information shall be stamped or otherwise marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER".  Failure to designate any document or information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" when initially served or produced shall not constitute a waiver of the right to make the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation.  No person shall have any liability for disclosure, view, use or dissemination of any document or information in violation of this Protective Order unless prior to disclosure, view, use and/or dissemination complained of, the document or information was designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party.

5.     This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. Following the conclusion of this action, including all appeals:

(a)     Upon request from the producing party, the other party shall return to the producing party all Confidential Information in its possession and take all reasonable steps necessary to reclaim all Confidential Information provided to those qualified persons who may be in possession of Confidential Information, including, correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

(b)     Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding. Severe sanctions will attach to any person who discloses such in violation of this provision.

3

6.      Such Confidential Information as may be required to be filed with the Court and with the Clerk of this court shall be filed under seal.  Only the court, court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further Order of this Court.  Documents containing some confidential information may be filed in a redacted form so that those portions of the document containing confidential information will not be visible to the public.  A party seeking to use documents containing confidential information at trial shall take reasonable steps to protect the confidential information, such as redacting social security numbers, medical information, addresses and the like.  If any party believes that documents or information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" should not be offered at trial, that party may file for appropriate orders from this Court.

7.  Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to remove such from the application of this Order.  This Protective Order does not address any other appropriate discovery objections and does not preclude any party from challenging those objections or moving for relief under the applicable rules of procedure.

8.  Counsel for both parties shall explain to the parties the terms of this Protective Order including the requirements and restrictions they must observe.

IT IS HEREBY ORDERED.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

/s/ Austin Porter, Jr.
Austin Porter, Jr. Ark. Bar #86145
PORTER LAW FIRM
The Tower Building
323 Center Street, Suite 1300
Little Rock, AR  72201
Aporte5640@aol.com
(501) 244-8200
Attorney for Plaintiff

and

/s/ Daniel L. Herrington
Daniel L. Herrington, Ark. Bar # 95166
Friday, Eldredge, & Clark, LLP
400 W. Capitol., Ste. 2000
Little Rock, AR 72201
Herrington@fridayfirm.com
(501) 370-1571
Attorneys for Defendant

5

Exhibit 1

## UNDERTAKING REGARDING CONFIDENTIALITY

The undersigned individual hereby certifies that he has read the foregoing Protective Order, understands the terms thereof, and agrees to be bound thereby personally if receiving Confidential Information in the course of the above-captioned litigation.

The undersigned acknowledges that breach of the Protective Order shall be actionable by any aggrieved party, including any party to the Action that is the subject of the foregoing Protective Order, and that such breach shall subject the undersigned to any and all applicable legal and equitable remedies for enforcement for the Protective Order and/or relief, including damages, for its breach.

Promptly upon termination of this action, I will return all Confidential Information which came into my possession, including all originals and copies, and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed, retained, or represented.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Date:_____               Name._____